1　JOHN L. SLAFSKY, State Bar No. 195513
　　WILSON SONSINI GOODRICH & ROSATI
2　650 Page Mill Road
　　Palo Alto, CA 943304-1050
3　Telephone: (650) 493-9300
　　Fascimile: (650) 493-6811
4　Email: jslafsky@wsgr.com

5　MARK LERNER, *admitted pro hac vice*
　　Satterlee Stephens Burke & Burke LLP
6　230 Park Avenue
　　New York, New York 10169
7　Telephone: (212) 818-9200
　　Facsimile: (212) 818-9606
8　Email: mlerner@ssbb.com

9　*Attorneys for Defendant*
　　*DOLCE & GABBANA USA, INC.*

10

11

UNITED STATES DISTRICT COURT

12

FOR THE NORTHERN DISCTRICT OF CALIFORNIA

13

14　------------------------------------------------------------- x

　　LEVI STRAUSS & CO.                                　　　:

15　　　　　　　　　　　　　Plaintiff,　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　　　:　11-cv-0127-SI

16　　　　　　v.　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　　　　　:　Hon. Susan Illston

17　DOLCE & GABBANA S.r.L. and DOLCE &　　:

　　GABBANA USA, INC.　　　　　　　　　　　:

18　　　　　　　　　　　　　Defendants.　　　　　:　**ANSWER OF DEFENDANT**

　　　　　　　　　　　　　　　　　　　　　　　　　:　**DOLCE & GABBANA USA, INC.**

19　　　　　　　　　　　　　　　　　　　　　　　　:

　　------------------------------------------------------------- x

20

21　　　　　　　Defendant Dolce & Gabbana USA, Inc. ("Defendant" or "D&G USA"), by its

22

23　undersigned counsel, as and for its Answer to the Complaint of Plaintiff Levi Strauss & Co.

24　("Plaintiff" or "Levi Strauss"), respectfully states and alleges as follows:

25　　　　　　　**JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT**

26　　　　　　　1.　　　Avers that paragraph 1 of the Complaint sets forth legal or other conclusions

27　that do not require a response.

28　　　　　　　2.　　　Denies the allegations in paragraph 2 of the Complaint.

3.    Avers that paragraph 3 of the Complaint sets forth legal or other conclusions that do not require a response.

**PARTIES**

4.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 4 of the Complaint.

5.    Admits the allegations in paragraph 5 of the Complaint concerning the legal organization and location of the headquarters of Dolce & Gabbana S.r.l.  Denies the remaining allegations in paragraph 5.

6.     Denies the allegations in paragraph 6 of the Complaint, except admits the allegations as to D&G USA's incorporation, principal place of business and legal relation to Dolce & Gabbana S.r.l.

**FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS**

7.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 7 of the Complaint.

8.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 8 of the Complaint.

9.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 9 of the Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 10 and begs leave to refer the Court to true and correct copies of the referenced registrations for a complete statement of the contents thereof in proper context.

11.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 11 of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of

the allegations in paragraph 12 of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 13 of the Complaint and begs leave to refer the Court to true and correct copies of the referenced registrations for a complete statement of the contents thereof in proper context.

14.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.    Denies knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 15 of the Complaint and begs leave to refer the Court to a true and correct copy of the referenced registration for a complete statement of the contents thereof in proper context.

16.    To the extent that paragraph 16 sets forth a purported definition of "Levi Strauss Trademarks," avers that a response is not required.  Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.    Denies the allegations in paragraph 18 of the Complaint and begs leave to refer the Court to a true and correct copy of the settlement agreement for a complete statement of the contents thereof in proper context.

19.    As to the allegations in paragraph 19 of the Complaint, begs leave to refer the Court to a true and correct copy of the settlement agreement for a complete statement of the contents thereof in proper context.

20.    Denies the allegations in paragraph 20 of the Complaint and begs leave to

-3-

refer the Court to a true and correct copy of the settlement agreement for a complete statement of the contents thereof in proper context.

21.   Denies the allegations in paragraph 21 of the Complaint and begs leave to refer the Court to a true and correct copy of the settlement agreement for a complete statement of the contents thereof in proper context.

22.   Denies the allegations in paragraph 22 of the Complaint.

23.   Denies the allegations in paragraph 23 of the Complaint.

24.   Begs leave to refer the Court to true and correct copies of the websites referred to paragraph 24 of the Complaint for a complete statement of the contents thereof in proper context.

25.   Denies the allegations in paragraph 25 of the complaint and begs leave to refer the Court to true and correct copies of the application, registration, petition, and cancellation docket referred to paragraph 25 of the Complaint for a complete statement of the contents thereof in proper context.

26.   Denies the allegations in paragraph 26 of the Complaint.

27.   Denies the allegations in paragraph 27 of the Complaint.

28.   Denies the allegations in paragraph 28 of the Complaint. Further, to the extent that paragraph 28 sets forth legal or other conclusions, avers that no response is required.

**FIRST CLAIM**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. §§ 114-117; Lanham Act § 32)**

29.   Repeats the responses set forth above to the allegations in paragraphs 1 through 28, as if fully set forth herein.

30.   Denies the allegations in paragraph 30 of the Complaint.  Further, to the extent that paragraph 30 sets forth legal or other conclusions, avers that no response is required.

31.   Denies the allegations in paragraph 31 of the Complaint.  Further, to the

-4-

extent that paragraph 31 sets forth legal or other conclusions, avers that no response is required.

32.   Denies the allegations in paragraph 32 of the Complaint.   Further, to the extent that paragraph 32 sets forth legal or other conclusions, avers that no response is required.

33.   Denies the allegations in paragraph 33 of the Complaint.   Further, to the extent that paragraph 33 sets forth legal or other conclusions, avers that no response is required.

### SECOND CLAIM
### FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a); Lanham Act § 43(c))

34.   Repeats the responses set forth above to the allegations in paragraphs 1 through 33, as if fully set forth herein.

35.   Denies the allegations in paragraph 35 of the Complaint.   Further, to the extent that paragraph 35 sets forth legal or other conclusions, avers that no response is required.

36.   Denies the allegations in paragraph 36 of the Complaint.   Further, to the extent that paragraph 36 sets forth legal or other conclusions, avers that no response is required.

### THRID CLAIM
### FEDERAL DILUTION OF A FAMOUS MARK
### (15 U.S.C. § 1125; Lanham Act § 43(c))

37.   Repeats the responses set forth above to the allegations in paragraphs 1 through 36, as if fully set forth herein.

38.   Denies the allegations in paragraph 38 of the Complaint.   Further, to the extent that paragraph 38 sets forth legal or other conclusions, avers that no response is required.

39.   Denies the allegations in paragraph 39 of the Complaint.   Further, to the extent that paragraph 39 sets forth legal or other conclusions, avers that no response is required.

40.   Denies the allegations in paragraph 40 of the Complaint.   Further, to the extent that paragraph 40 sets forth legal or other conclusions, avers that no response is required.

41.   Denies the allegations in paragraph 41 of the Complaint.   Further, to the extent that paragraph 41 sets forth legal or other conclusions, avers that no response is required.

-5-

1

2

**FOURTH CLAIM**
**CALIFORNIA DILUTION AND TRADEMARK INFRINGEMENT**
**(Cal. Bus. & Prof. Code §§ 14245, 14247, 14250)**

3

42.   Repeats the responses set forth above to the allegations in paragraphs 1

4

through 41, as if fully set forth herein.

5

43.   Denies the allegations in paragraph 43 of the Complaint.   Further, to the

6

extent that paragraph 43 sets forth legal or other conclusions, avers that no response is required.

7

44.   Denies the allegations in paragraph 44 of the Complaint.   Further, to the

8

9

extent that paragraph 44 sets forth legal or other conclusions, avers that no response is required.

10

45.   Denies the allegations in paragraph 45 of the Complaint.   Further, to the

11

extent that paragraph 45 sets forth legal or other conclusions, avers that no response is required.

12

46.   Denies the allegations in paragraph 46 of the Complaint.   Further, to the

13

extent that paragraph 46 sets forth legal or other conclusions, avers that no response is required.

14

**FIFTH CLAIM**
**CALIFORNIA UNFAIR COMPETITION**
**(Cal. Bus. & Prof. Code § 17200)**

15

16

47.   Repeats the responses set forth above to the allegations in paragraphs 1

17

18

through 46, as if fully set forth herein.

19

48.   Denies the allegations in paragraph 48 of the Complaint.   Further, to the

20

extent that paragraph 48 sets forth legal or other conclusions, avers that no response is required.

21

49.   Denies the allegations in paragraph 49 of the Complaint.   Further, to the

22

extent that paragraph 49 sets forth legal or other conclusions, avers that no response is required.

23

**SIXTH CLAIM**
**BREACH OF SETTLEMENT AGREEMENT**

24

25

50.   Repeats the responses set forth above to the allegations in paragraphs 1

26

through 49, as if fully set forth herein.

27

51.   Denies the allegations in paragraph 51 of the Complaint and begs leave to

28

1094790_1                                    *Levi Strauss & Co. v. Dolce & Gabbana S.r.l., et al.,*
                                                      Civil Action No. 11-cv-0127-SI

refer the Court to a true and correct copy of the settlement agreement for a complete statement of the contents thereof in proper context. Further, to the extent that paragraph 51 sets forth legal or other conclusions, avers that no response is required.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. Denies the allegations in paragraph 53 of the Complaint. Further, to the extent that paragraph 53 sets forth legal or other conclusions, avers that no response is required.

54. Denies the allegations in paragraph 54 of the Complaint. Further, to the extent that paragraph 54 sets forth legal or other conclusions, avers that no response is required.

## AFFIRMATIVE DEFENSES

In addition to the specific responses set forth above, Defendant Dolce & Gabbana USA, Inc. asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief May Be Granted)

55. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Presumption of Validity of and Rights Pursuant to Trademark Registration)

56. Defendant's trademark registration for the Stitched V and Pentagons Design (Reg. No. 3,899,431) is prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration under 15 U.S.C. § 1115(a).

### THIRD AFFIRMATIVE DEFENSE
### (No Likelihood of Confusion)

57. There is no likelihood of confusion between Defendant's stitched "V" and pentagons design trademark or pocket label device and Plaintiff's Arcuate stitching design

-7-

trademark, tab device trademark, or Arcuate/tab trademark.

### FOURTH AFFIRMATIVE DEFENSE
#### (No Actual or Likely Confusion)

58.   The acts complained of did not cause confusion, mistake or deception, nor likely confusion nor mistake nor deception.

### FIFTH AFFIRMATIVE DEFENSE
#### (No Entitlement to Injunctive Relief)

59.   Plaintiff is not entitled to injunctive relief because it has not established irreparable harm.

### SIXTH AFFIRMATIVE DEFENSE
#### (Lack of Willfulness)

60.   Defendant has not acted willfully to infringe Plaintiff's rights nor to cause confusion, mistake or deception, nor to cause dilution nor to trade on Plaintiff's reputation.

### SEVENTH AFFIRMATIVE DEFENSE
#### (Lack of Knowledge or Intent)

61.   Defendant has not acted with knowledge or intent to cause confusion, mistake or deception.

### EIGHTH AFFIRMATIVE DEFENSE
#### (Unclean Hands)

62.   Plaintiff's claims and requested relief are barred in whole or in part by reason of its unclean hands.

### NINTH AFFIRMATIVE DEFENSE
#### (Waiver)

63.   Plaintiff's claims and requested relief are barred in whole or in part by the doctrine of waiver.

### TENTH AFFIRMATIVE DEFENSE
#### (Laches and/or Estoppel)

64.   Plaintiff's claims and requested relief are barred in whole or in part by the

-8-

doctrines of laches and/or estoppel.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Mitigation of Damages)

65.    Plaintiff's remedies are barred in whole or in part by its failure to make reasonable efforts to mitigate damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

66.    Plaintiff's claims are barred in whole or in part because the Complaint was not filed within the limitations period applicable to the claims.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

(a)    For judgment dismissing the Complaint herein and entering judgment for Defendant thereon;

(b)    For judgment awarding Defendant its attorney's fees and costs; and

(c)    For judgment awarding Defendant such other and further relief as the Court deems just.

Dated:  March 3, 2011

Respectfully submitted,

By: _____
Mark Lerner, *admitted pro hac vice*
SATTERLEE STEPHENS BURKE & BURKE LLP

*Attorneys for Defendants DOLCE & GABBANA USA, INC.*